UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KATHYANN MCLENDON,            Civil Action No.:

             Plaintiff,

-against-            **COMPLAINT**

ENHANCED RECOVERY COMPANY, L.L.C.,      **DEMAND FOR JURY TRIAL**

            Defendant(s).
-----------------------------------------------------------------X

Plaintiff KATHYANN MCLENDON ("Plaintiff"), by and through her attorneys, Edward B. Geller, Esq., P.C., Of Counsel to M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant, ENHANCED RECOVERY COMPANY, L.L.C., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>").

## PARTIES

2.      Plaintiff KATHYANN MCLENDON is a resident of the State of New York, residing at 38-08 Beach Channel Drive, Apartment 3-E, Far Rockaway, New York 11691.

3.      Defendant, ENHANCED RECOVERY COMPANY, L.L.C. is a limited

liability company duly organized and existing under the laws of the State of Florida, with their corporate headquarters located at 8014 Bayberry Road, Jacksonville, Florida 32256.

4. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of itself or a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on or about September 1, 2014 by reporting an account attributed to Plaintiff with national credit bureau(s).

11. On September 11, 2014, Plaintiff placed a telephone call to Defendant to dispute the amount claimed.

12. Plaintiff was thereupon connected to a representative of Defendant who identified herself as "Belinda Fowler."

13. Plaintiff informed Ms. Fowler that she had no recollection of owing anything to the telecommunications creditor which claimed $674.70 due since 2010, and that she was disputing the alleged debt.

14. Ms. Fowler responded to Plaintiff that Plaintiff could place a dispute but that she would also have to write a letter to Defendant.

15. Plaintiff asked if her telephone dispute was not sufficient to which Ms. Fowler replied, "It will not be a dispute without the letter. I have to strongly stress that."

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. 15 USC §1692 e – preface prohibits the use of any false, deceptive or misleading representations in connection with the collection of a debt.

18. Defendant is in violation of 15 USC §1692 e –preface when Defendant's representative, "Belinda Fowler," stated that Defendant needed to write Defendant a letter in order for her to accept Plaintiff's consumer dispute. As Defendant knows, or should know, pursuant to *Dana Clark v. Absolute Collection Service, Inc.*, the Fourth Circuit of the U.S. Court of Appeals found that

subparagraph (3) of 15 USC §1692 g (a) of the FDCPA, as written, triggers statutory protections for consumers, affirming the right of consumers to challenge a debt orally without imposing a written requirement.  The Court found further that, "Once a consumer disputes a debt orally, under section 1692 g (a)(3), a debt collector cannot communicate that consumer's credit information to others without disclosing the dispute."  By failing to place the pertinent dispute information on Plaintiff's credit listing, Defendant perpetuates a deceptive and misleading representation of Plaintiff's credit status.

19.	15 USC §1692 e (2) (A) prohibits a debt collector from making the false representation of the character, amount, or legal status of any debt.

20.	Defendant refused to acknowledge or honor Plaintiff's consumer dispute despite being properly and rightfully informed of such dispute on September 11, 2014, thus falsely reflecting Plaintiff's account status and the character of the debt, in violation of 15 USC §1692 e(8).

21.	15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

22.	Defendant violated 15 USC §1692 f–preface by unfairly and unconscionably receiving but disregarding Plaintiff's notification of dispute and refusing to report Plaintiff's dispute to the proper credit bureaus, to the detriment of Plaintiff's credit profile.

23.	As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

24. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a) (3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         June 30, 2015

Respectfully submitted,

By: _____
Edward B. Geller, Esq. (EG9763)
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783

*Attorney for the Plaintiff* KATHYANN MCLENDON

To:    Enhanced Recovery Company, L.L.C.
       8014 Bayberry Road
       Jacksonville, Florida 32256

*(Via Prescribed Service)*

Clerk

United States District Court, Eastern District of New York

*(Via Electronic Court Filing)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                CASE NO.:

KATHYANN MCLENDON,

                        Plaintiff,

   -against-

ENHANCED RECOVERY COMPANY, L.L.C.,

                        Defendant(s).

# COMPLAINT

Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783